1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ANTHONY CRAIG HUCKABEE,

11            Plaintiff,                       No. CIV S-03-0300 LKK DAD P

12        vs.

13   R. COLE,

14            Defendant.                       <u>ORDER</u>

15   _____/

16           This action, which was filed February 18, 2003, was dismissed with prejudice on

17   April 21, 2003, and the case was closed.  In a letter addressed to the Clerk of the Court, plaintiff

18   states that in 2002 he "sent papers . . . outlining a complaint I had against a clerk in a lower

19   court," that he "received a letter from a clerk at your court explaining to me that I could not

20   receive compensation for this clerk's mistakes," and that he then "dropped the arguement [sic]."

21   Plaintiff indicates that he has recently acquired a prison job and has been charged a filing fee of

22   $150.00 for this case despite the fact that he was indigent when he filed it.  Plaintiff inquires why

23   he has been charged a filing fee when his "papers were answered and resolved by a clerk."

24           Plaintiff is informed that clerks do not answer and resolve cases in federal courts.

25   Each civil case filed in the United States District Court for the Eastern District of California is

26   assigned to two judges.  On March 11, 2003, the undersigned magistrate judge issued an order

                                                   1

regarding payment of the filing fee as well as a separate order and findings and recommendations regarding plaintiff's complaint.  On March 24, 2003, the undersigned magistrate judge issued a further order in response to a request filed by plaintiff on March 19, 2003.  On April 21, 2003, the assigned district judge reviewed the findings and recommendations, adopted them in full, and dismissed this case with prejudice.  The undersigned magistrate judge issued two additional orders in response to requests filed by plaintiff on April 23, 2003, and May 19, 2003, after the case was closed.  Plaintiff's complaint and requests were addressed and resolved by federal judges.

Plaintiff is advised that a filing fee is charged for "instituting any civil action, suit or proceeding."  28 U.S.C. § 1914(a).  Although federal law permits indigent persons to proceed in forma pauperis, the law provides that every prisoner who brings a civil action in forma pauperis "shall be required to pay the full amount of a filing fee."  28 U.S.C. § 1915(b)(1). When a prisoner files any civil action other than a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, the district court is therefore required to assess the full amount of the filing fee.  Id.  The agency having custody of the prisoner is required to forward payments from the prisoner's trust account each time the amount in the account exceeds $10, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).  The in forma pauperis statute contains no provision for waiver or forgiveness of the fee.

In the present case, plaintiff's in forma pauperis application filed February 18, 2003, includes his authorization for prison officials to withdraw money from his prison trust account.  In accordance with federal law, the undersigned magistrate judge assessed the full amount of the filing fee, which was at that time $150.00,[1] and assessed an initial partial filing fee of $.52.  The March 11, 2003 order provides as follows:

/////

---

[1] Plaintiff is informed that the filing fee is now $250.00.

1         By separate order, the court will direct the appropriate agency to
2   collect the initial partial filing fee from plaintiff's trust account and
forward it to the Clerk of the Court.  Thereafter, plaintiff will be
obligated for monthly payments of twenty percent of the preceding
3   month's income credited to plaintiff's prison trust account.  These
payments will be forwarded by the appropriate agency to the Clerk
4   of the Court each time the amount in plaintiff's account exceeds
$10.00, until the filing fee is paid in full.  See 28 U.S.C.
5   § 1915(b)(2).

6   (Order & Findings & Recommendations filed Mar. 11, 2003, at 1-2.)  As required by statute, the

7   Director of the California Department of Corrections has been directed to collect and forward

8   payments from plaintiff's prison trust account until the $150.00 filing fee for this action is paid in

9   full.

10        Accordingly, IT IS HEREBY ORDERED that plaintiff's September 14, 2005

11  request for information concerning the filing fee for this action has been granted.

12  DATED: September 21, 2005.

13

14  _Dale A. Drozd_____

15  DAD:13       DALE A. DROZD
    huck0300.reqinfo   UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26